IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| CATHRYN R. HOPSON, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 230459N |
| | ) | |
| v. | ) | |
| | ) | |
| DOUGLAS COUNTY ASSESSOR, | ) | |
| | ) | **ORDER DENYING MOTION FOR** |
| Defendant. | ) | **SUMMARY JUDGMENT** |

This matter came before the court on Defendant's Motion for Summary Judgment (Motion), filed May 13, 2024. Plaintiff filed her Response opposing the Motion on May 23, 2024.

A brief review of the procedural posture clarifies the issues pending before the court. Plaintiff filed her Complaint on November 30, 2023, challenging the value of property identified as Account R19365 (subject property) for the 2021-22 and 2023-24 tax years. (Compl at 1.) Plaintiff alleges that an error exists in the subject property's 2021-22 maximum assessed value (MAV) and appeals Defendant's refusal to correct that error. (*Id.* at 1, 3.) Defendant moved to dismiss Plaintiff's Complaint because Plaintiff failed to first appeal to the board of property tax appeals and no other statute supports her requested relief. (*See* Def's Ans and Mot to Dismiss; Def's Supp Mot to Dismiss.) By Order entered April 26, 2024, the court granted Defendant's motion to dismiss with respect to Plaintiff's appeal for the 2021-22 tax year and her claim under ORS 311.205. The court denied Defendant's motion to dismiss with respect to Plaintiff's appeal for the 2023-24 tax year under ORS 311.234(2)(b), based on Plaintiff's allegation that Defendant added nonexistent property as new property or new improvements to property.[1]

---

[1] Plaintiff originally alleged that Defendant had added value for an enclosed porch converted to a guest house, but the parties now agree that addition was to a neighboring property. (Def's Motion at 2; Ptf's Resp at 1

## I. STATEMENT OF FACTS

For the 2021-22 tax year, Defendant added exception value totaling $12,921. (Def's Motion at 2; Coffel Affidavit.) That amount reflected the following new improvements: a furnace and air conditioner, and new countertops. (*Id.*) Defendant did not add any exception value after the 2021-22 tax year, so the subject property's MAV increased by three percent each year. (*Id.*) Plaintiff disputes that the countertops were new, stating "[t]here have been no new improvements to existing counters at all." (Ptf's Status Report at 3.) She further writes: "I have done nothing to replace or improve the counters. The previous owner did nothing. The first owner, after their initial installation in 1946, did nothing. There is no exception." (*Id.* at 4.)

## II. ANALYSIS

The issue is whether the subject property's 2023-24 MAV should be corrected to remove exception value added for new countertops in the 2021-22 tax year. *See* ORS 311.234(2)(b).[2] Summary judgment is proper where, construing the facts in the light most favorable to the non-moving party, "there is no genuine issue as to any material fact" such that "the moving party is entitled to prevail as a matter of law." Tax Court Rule (TCR) 47 C.[3]

ORS 311.234(1) allows a property owner or other taxpayer to petition a county for a MAV correction. ORS 311.234(2)(b) requires the assessor to correct the MAV if "petitioner demonstrates * * * [t]hat new property, or new improvements to property, added to the tax roll in a prior tax year did not exist as of the assessment date for that prior tax year or any subsequent tax year." The correction made under (2)(b) "[m]ust reflect, in a manner determined by the

---

(describing porch claim as "moot" after receiving Defendant's "MAV accounting").)

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2021.

[3] Tax Court Rule – Magistrate Division 13 B allows the court to incorporate the Regular Division's TCR 47.

assessor, the removal of the new property or new improvements to property from the assessment and tax rolls as accepted by the assessor." ORS 311.234(3)(b)(A). The correction "[m]ay not be made to the extent that the assessor finds that the new property or new improvements to property existed on the assessment date of a prior tax year and the petition is best construed as demonstrating a difference in the nature, extent or value of the new property or new improvements to property." ORS 311.234(3)(b)(B).

Defendant's position appears to be that the subject property included countertops as of January 1, 2021, thus there is no basis for correction under ORS 311.234(2)(b). The mere fact that countertops existed does not speak to the statutory standard in ORS 311.234(2)(b), which specifically concerns the erroneous addition of *new* property or *new* improvements. (*See* Def's Mot at 2.) Curiously, Defendant did not allege that the countertops were *new* as of January 1, 2021, or otherwise present evidence to that effect. The statute's use of the word "new" might mean newly added to the subject property or newly captured in the assessment. *See generally Dunne v. Dept. of Rev.*, TC 5440, 2024 WL 78169 (Or Tax, Jan 5, 2024) (interpreting the meaning of new property and new improvements to property found in ORS 308.153(3)). Plaintiff maintains that the countertops were *not* new to the subject property and, in fact, have existed since 1946. Plaintiff does not appear to address the second meaning of new—*e.g.* newly captured in the assessment.

Ultimately, whether the subject property countertops were new in either sense as of January 1, 2021, is an issue of material fact that the court is unable to resolve on Defendant's Motion. If the 2021-22 exception value was added in error for the countertops, additional questions of fact arise, including the correction calculation required under ORS 311.234(3)(b)(A). Thus, Defendant's Motion must be denied.

### III. CONCLUSION

Upon careful consideration, the court finds that Defendant's Motion must be denied because genuine issues of material fact remain unresolved. A case management conference is set for September 24 at 9:00 a.m., to discuss next steps, including mediation or trial. Now, therefore,

IT IS THE ORDER OF THIS COURT that Defendant's Motion for Summary Judgment is denied.

IT IS FURTHER ORDERED that the parties appear for a case management conference on September 24 at 9:00 a.m.

Dated this ___ day of September, 2024.

_____

***This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.***

***This Order was signed by Presiding Magistrate Allison R. Boomer and entered on September 5, 2024.***